982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juan P. CANALES, Petitioner-Appellant,
v.
Stephen KAISER, Warden, Respondent-Appellee.
 No. 92-6261.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Juan Pena Canales appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He also asks us to grant his application for a certificate of probable cause, under 28 U.S.C. § 2253.
 
 
 3
 Canales, an inmate at the Lexington Correctional Center, Lexington, Oklahoma, pled guilty in Oklahoma State Court to twenty-one counts of lewd molestation of a minor child (his step-daughter), and one count of sodomy, for which he was sentenced to a total of twenty years imprisonment. Although advised by the state district court judge of his right to appeal, and his right to have an attorney represent him on appeal without charge, R.Vol. I, Transcript of Proceedings, Dec. 28, 1989, unnumbered p. 5, Canales did not take a direct appeal from his judgment and sentence. Subsequent post-conviction proceedings in the Oklahoma State Courts were rejected on procedural bar grounds.
 
 
 4
 The premise of Canales's federal habeas petition is that pedophiles are, by definition, insane or mentally diseased to the point that they are incompetent to stand trial or plead guilty. Accordingly, Canales argues that his counsel was ineffective by failing to file "an application to determine my competence to stand trial and/or plead guilty and plead a defense of not guilty by reason of my being an insane pedophile at the time of the crimes." R. Vol. I, Petition at 8. And, based on the same premise, Canales argues that his constitutional rights were violated when the state district court judge taking the plea of guilty did not, sua sponte, order a competency hearing prior to the acceptance of a guilty plea. Id. at 6, 8. Finally, and also based on the same premise, Canales argues that he is "factually innocent of the crime charged due to my being a pedophile." Id. at 8.
 
 
 5
 By virtue of his ineffectiveness claim, Canales argues that he should not be procedurally barred from proceeding in federal court because he has shown cause and prejudice and, alternatively, that his petition should be heard because he is "factually innocent" by virtue of being a pedophile.
 
 
 6
 In a well-reasoned and thorough report and recommendation, filed May 28, 1992, the magistrate judge addressed Canales's petition and held, alternatively, that the petition was procedurally barred, and that the petition should be denied on the merits. On July 13, 1992, the district court adopted the magistrate judge's recommendation that Canales's petition should be dismissed on the grounds of procedural bar and failure to demonstrate cause and prejudice or a fundamental miscarriage of justice which would justify federal review.
 
 
 7
 Upon careful examination of the record, we GRANT Canales's application for a certificate of probable cause, and AFFIRM the dismissal of his petition substantially on the grounds and for the reasons stated in the recommendation of the magistrate judge and the order of the district court, referred to above. That is, we hold that the petition is procedurally barred and, alternatively, we hold that Canales's claims are meritless.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3